PS 8
(Rev. 5/2020)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 2 2022

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

U.S.A. vs. Delinda Allums                        Docket No. 0860 4:20CR00292-JM-2

### Petition for Warrant for Person Under Pretrial Supervision

    COMES NOW Hannah R Mackey, U.S. PROBATION OFFICER, presenting an official report upon the conduct of defendant Delinda Allums, who was placed under pretrial release supervision by the Honorable Beth Deere sitting in the Court at Little Rock, Arkansas, on December 23, 2020, under the following conditions:

(1)     The defendant must not violate federal, state, or local law while on release.

(2)     The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)     The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)     The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5)     The defendant must sign an Appearance Bond, if ordered.

(7)     The defendant must:
(a) submit to supervision and report for supervision to the U.S. Probation Office.
(h) get medical or psychiatric treatment.
(k) not possess a firearm, destructive device, or other weapon.
(l) not use alcohol at all.
(m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(n) submit to testing for a prohibited substance if required by the pretrial services office or the supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of any prohibited substance screening or testing.
(o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including any arrests, questioning, or traffic stops.
(s) inpatient drug rehab followed by chem-free living until case is resolved.

    On April 26, 2021, bond revocation hearing was held. After considering argument of counsel, the Court declined to revoke defendant's pretrial release. Defendant was remanded

to USMS custody pending availability of a bed for a second round of inpatient substance abuse treatment, followed by chemical-free living program.

On May 28, 2021, Magistrate Judge Edie R. Ervin now associated to this case due to the retirement of Magistrate Judge Beth Deere.

On July 21, 2021, bond revocation hearing was held. After considering argument of counsel, the Court declined to revoke the defendant's pretrial release and conditions were modified to remove chemical-free living.

Jury trial is set for August 29, 2022, before the Honorable James M. Moody Jr., U.S. District Judge.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**Description of apparent violations:** On February 2, 2022, the defendant submitted a urine specimen which tested and confirmed positive for cocaine. The defendant verbally admitted she used cocaine.

On February 7, 2022, the defendant submitted a urine specimen which tested and confirmed positive for cocaine.

On February 21, 2022, the defendant left Freedom House's residential treatment facility due to experiencing homicidal and suicidal ideations. The defendant advised Freedom House she was going to enroll at St. Mary's Hospital for a mental health evaluation. On March 1, 2022, her pretrial officer was informed the defendant has not attended their facility. Several attempts to reach the defendant have been unsuccessful and her current whereabouts are unknown.

**Description of prior violations:** The following violations were previously reported to the court: On April 2, 2021, the probation office was made aware by Recovery Centers of Arkansas chemical-free living, that the defendant was discharged from their program. They further advised that the defendant was discharged due to testing positive for alcohol after returning to the facility after curfew.

On April 19, 2021, the defendant submitted a urine specimen prior to a court hearing, which tested and confirmed positive for phencyclidine (PCP).

On April 26, 2021, while in custody of the United States Marshal Service a subsequent urine specimen was collected prior to a court hearing, and again tested and confirmed positive for phencyclidine (PCP). The court released Ms. Allums to inpatient treatment once a bed space was made available. Ms. Allums was released from custody on April 27, 2021, and reported to inpatient treatment on April 29, 2021.

On May 27, 2021, the probation office was informed by Recovery Centers of Arkansas inpatient program that the defendant was unsuccessfully discharged. Staff advised that Ms.

Allums was discharged due to a verbally abusive altercation with another resident that had nearly become physical when staff intervened.

**Actions taken to bring the defendant into compliance were as follows:** The defendant was referred to Freedom House inpatient substance abuse treatment in December 2020. After successfully completing inpatient treatment, she enrolled in Recovery Centers of Arkansas' chemical-free living program. In April 2021, the defendant was referred to inpatient substance abuse treatment at Recovery Centers of Arkansas. The defendant remained in outpatient mental health and substance abuse treatment until she reentered residential treatment at Freedom House on February 16, 2022, due to a relapse.

**Defendant's compliance with release conditions:** A record check revealed no new arrests. The defendant successfully completed inpatient substance abuse treatment at Freedom House in January 2021.

## OFFICER'S RECOMMENDATION:

Based on her reportedly feeling homicidal and suicidal and her inability to maintain contact with the U.S. Probation Office the defendant is a danger to the community. It is recommended that the U.S. Attorney's Office request a warrant and the defendant be brought before the court to show cause why the bond should not be revoked. If a warrant is issued, the U.S. Probation Office requests it be sealed for the safety of the U.S. Marshals Service and the U.S. Probation Office and copied only to those respective agencies pending warrant execution.

**I declare under penalty of perjury that the foregoing is true and correct.**

The U.S. Attorney's Office submits this petition to be filed with Criminal Docketing as a motion.

_____
Hannah R. Mackey
Probation Officer

Executed on   March 1, 2022

_____
Stacy R. Williams
Assistant U.S. Attorney

Executed on   3-2-22

Approved by:

_____
Acting Supervising U.S. Probation Officer

c:   The Honorable James M. Moody Jr., U.S. District Judge
     The Honorable Edie R. Ervin, U.S. Magistrate Judge